UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODESTA L.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 23-cv-420-KSC<br><br>**ORDER REVIEWING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

　　　　Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Doc. No. 1. This Court directed the parties to explore informal resolution of the matter through the meet-and-confer process, but the parties were unable to resolve the case on their own. Doc. Nos. 10, 11. Having independently reviewed the parties' briefing and the Administrative Record ("AR"), the Court **VACATES** the decision of the Commissioner in this matter and **REMANDS** for further proceedings.

**I. BACKGROUND**

Plaintiff, represented by counsel, appeared before an Administrative Law Judge ("ALJ") for de novo review of the Social Security Commissioner's decision to deny plaintiff's claim for benefits. *See generally* AR 13-34.[1] Plaintiff's attorney and the ALJ both examined plaintiff at the hearing, and the ALJ received testimony from a vocational expert. *See id.* After reviewing the documentary evidence in the record and hearing the witnesses' testimony, the ALJ ultimately concluded plaintiff was not disabled. AR 28.

The ALJ's decision followed the five steps prescribed by applicable regulations under which the ALJ must sequentially determine (1) if the claimant is engaged in substantial gainful employment; (2) whether the claimant suffers from a "severe" impairment; (3) if any impairment meets or is medically equal to one of the impairments identified in the regulatory Listing of Impairments; (4) the claimant's residual functional capacity ("RFC") and whether the claimant could perform any past relevant work; and (5) whether a claimant can make an adjustment to other work based on his or her RFC. *See* 20 C.F.R. § 404.1250(a)(4); AR 20-21. The ALJ's evaluation ends if at any individual step the ALJ finds the claimant is or is not disabled. *See* 20 C.F.R. § 404.1250(a)(4).

The ALJ made a threshold finding plaintiff met the insured status requirements through December 31, 2025. AR 21. At step one, the ALJ found plaintiff had not engaged in any substantial gainful activity between the alleged onset of disability and the hearing. *Id.* At step two, the ALJ found plaintiff had three severe impairments: "osteoarthritis of bilateral knees, cirrhosis of the liver secondary to nonalcohol steatohepatitis, [and] morbid obesity." *Id.* The ALJ noted a host of non-severe physical and mental impairments. AR 21-23. At step three, the ALJ found none of plaintiff's impairments, alone or in combination, met or exceeded the listings of 20 CFR Part 404, Subpart P, Appendix 1. AR 23.

---

[1] All citations to "AR" are to the Administrative Record in this matter [Doc. No. 11], and are paginated accordingly. Any other citations to the Court's docket will reflect pagination assigned by the Court's CM/ECF case management system.

At step four, the ALJ found plaintiff "had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)" except plaintiff could only "occasionally climb ramps or stairs" and "kneel, crouch, or crawl," but could "never climb ladders, ropes, or scaffolds." AR 24. The ALJ concluded plaintiff could perform past work as a sales person or house cleaner. AR 28. Accordingly, the ALJ found plaintiff was not disabled from the alleged date of onset and the date of the ALJ's decision. *Id.* The Commissoner's decision to deny plaintiff's benefits claim became final on January 13, 2023, when the Social Secutiy Appeals Counsel denied plaintiff's request to review the ALJ's decision. *See* AR 1-8. This appeal followed.

## II. DISPUTED ISSUES

Plaintiff raises only a single issue in this appeal. Doc. No. 13 at 3. She argues the ALJ failed to articulate specific, clear, and convincing reasons for rejecting plaintiff's symptom testimony. *Id.*

## III. STANDARD OF REVIEW

This Court will affirm the ALJ's decision if (1) the ALJ applied the correct legal standards; and (2) the decision is supported by substantial evidence. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under the substantial evidence standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if there is evidence in the record to support more than one rational interpretation, the Court will defer to the Commissioner. *Id.*

Even if the ALJ makes an error, this Court can nonetheless affirm the denial of benefits if such error was "harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford*, 950 F.3d at 1154 (quoting *Tommasetti*, 533 F.3d 1035, 1038 (9th Cir. 2008). The Court's ability to uphold the ALJ's decision is limited in that this Court may not make independent findings and therefore cannot uphold the decision on a ground not asserted by the ALJ. *See Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

////

## IV. ANALYSIS OF THE COMMISSIONER'S DECISION

Plaintiff claims only one error: the ALJ erroneously discounted plaintiff's subjective symptom testimony. *See generally* Doc. No. 13 at 3-8. When a Social Security claimant presents objective medical evidence of an underlying impairment that might reasonably produce the complained-of symptoms, and the ALJ does not find evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of those symptoms for "specific, clear, and convincing reasons." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015)). The "'clear and convincing' standard requires an ALJ to show his work." *Smartt. v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "The standard isn't whether [this] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Id.* At the same time, the ALJ may not merely provide a summary of record evidence and a boilerplate conclusion that plaintiff's testimony is generally inconsistent with objective medical evidence. *Lambert*, 980 F.3d 1266 at 1277. Rather, the ALJ must identify specific testimony he or she finds not credible and "link that testimony to parts of the record supporting" the negative credibility assessment. *Brown-Hunter*, 806 F.3d 487.

The record shows plaintiff's subjective testimony established the following symptoms that she claims impacted her ability to work: headaches, fatigue, sleeplessness, pain in her knees causing an inability to stand for more than five minutes at a time and an inability to walk for more than ten minutes at a time, an inability to crouch or bend over because of abdominal pain caused by her cirrhosis, and an inability to lift more than three or four pounds with either arm. *See* AR 41-43, 359, 363. The ALJ devoted considerable effort to rebutting plaintiff's complaints about knee pain. *See* AR 25-26. Although the ALJ addressed plaintiff's cirrhosis, he did so in a generalized sense, and he made no effort to identify which of the specific symptoms caused by plaintiff's cirrhosis were negated by other evidence in the record. AR 26-27. In fact the ALJ generally failed to identify or address plaintiff's sleeplessness, fatigue, headaches, abdominal pain, and inability to lift more than three or four pounds. Case law requires the ALJ to identify *specifically* which

subjective testimony he finds not credible and then *explain*, with reference to evidence in the record, why that particular testimony is not credible. *See Lambert*, 980 F.3d 1266 at 1277; *Brown-Hunter*, 806 F.3d at 489. The Court finds most problematic the ALJ's failure to address plaintiff's testimony about being unable to lift more than three or four pounds because lifting up to 20 pounds is called for by the regulations that define the "light work" the ALJ concluded plaintiff could perform. *See* 20 C.F.R. § 404.1567(b). The ALJ also needed, but failed, to explain why plaintiff's fatigue and other symptoms of her cirrhosis do not impact her ability to work. It is not enough to conclude plaintiff can work because because she is apparently not dying from her condition. The Court concludes the ALJ erred by failing to account for each item of plaintiff's subjective symptom testimony.

Even the ALJ's apparently fulsome assessment of plaintiff's knee pain fell short: for example, plaintiff testified her ability to walk was limited to no more than ten minutes, and she could stand for no more than five. AR 42. The ALJ rejected this testimony because there was evidence showing plaintiff was capable of walking and standing. *See* AR 25-26. But the ALJ's finding that plaintiff was capable of walking and standing for any length of time whatsoever does not address the actual limitations identified by plaintiff's testimony. On remand, the ALJ must address not only plaintiff's ability to stand and walk. He must also address her ability to stand and walk long enough and well enough to work. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (noting that being able to perform some activites of daily living does not necessarily imply the ability to work).

The Court also notes the ALJ made an issue of the fact that plaintiff used an interpreter at the hearing, while some evidence in the record suggested she could "speak and understand English." *See* AR 25. The parties dispute whether this amounted to the ALJ making a negative credibility assessment against plaintiff. *Compare* Doc. No. 13 at 5-9 *with* Doc. No. 15 at 6-7. The ALJ's decision is not clear on whether plaintiff's use of an interpreter factored into the ALJ's credibility assessment. *See* AR 25. The "other evidence" with which an ALJ assesses symptom-related functional limitations do not include using an interpreter at the hearing. *See* 20 C.F.R. § 404.1529(c)(3). The Court doubts plaintiff's

election to use an interpreter has any bearing on her credibility given the disdain for impeachment through the use of collateral evidence not inherently probative of a witness's character for truthfulness. *See Ortiz v. Yates*, 704 F.3d 1026, 1038 (9th Cir. 2012). Although the Court does not decide whether the ALJ in fact made such a credibility determination in this case, the ALJ should, on remand, ensure his credibility determination abides by the guidelines set forth in the applicable regulations, which do not include plaintiff's use of an interpreter as a factor bearing on the credibility of subjective symptom testimony.

The parties dispute whether the matter should be remanded for further proceedings or whether the Court should direct the Administration to award benefits under the "credit as true" doctrine." *Compare* Doc. No. 13 at 7-8 *with* Doc. No. 15 at 9-10. Under that doctrine, the Court will remand for further proceedings if the Court harbors any serious doubts the plaintiff is actually disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Multiple medical professionals opined plaintiff was capable of working. *See, e.g.*, AR 49-60, 62-79, 733, 740. Although these facts create serious doubts that plaintiff's subjective symptom testimony should be credited as true, the Court is constrained to "review the reasons the ALJ asserts." *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). It is for the ALJ to determine in the first instance whether the record as a whole sufficiently negates plaintiff's subjective symptom testimony. Although the ALJ erred in failing to specifically address plaintiff's subjective symptom testimony, remand for an award of benefits would be inappropriate here.

## V. CONCLUSION

The final decision of the Commissioner is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this Order. The Clerk of Court is directed to enter judgment in favor of plaintiff and close the case. The entry of judgment will begin the running of the thirty-day period for which plaintiff, as the prevailing party, may make a timely application for attorneys' fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(B); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

**IT IS SO ORDERED**

Dated: October 20, 2023

Hon. Karen S. Crawford
United States Magistrate Judge